# EXHIBIT B

Case.net:26SL-CC04582 - SHARNICE FRAZIER - BOYD V EVERSANA LIFE SCIENCE SE (E-CASE) - Docket Entries

| **Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**09/11/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-11552, for EVERSANA LIFE SCIENCE SERVICES, LLC

**08/31/2026**

**Order**

THEREFORE, IT IS THE ORDER OF THE COURT THAT PLAINTIFF'S REQUEST TO PROCEED AS A POOR PERSON IS DENIED. THE CIRCUIT CLERK SHALL ACCEPT THE EMPLOYMENT DISCRIMINATION PETITION - 213.111 RSMO. PREVIOUSLY FILED BUT SHALL TAKE NO FURTHER ACTION ON THIS MATTER UNTIL THE FULL FILING FEE AND ANY SERVICE OF PROCESS IS PAID. PLAINTIFF HAS TWENTY (20) DAYS TO PAY THE REQUIRED FEES; FAILURE TO DO SO WILL RESULT IN THIS CASE BEING DISMISSED WITHOUT PREJUDICE. SO ORDERED: HON. BRUCE F. HILTON, PRESIDING JUDGE.

**06/24/2026**

**Mot to Proc In Forma Pauperis**

**Filing:**

**Redaction Certification Filed**

**Confid Filing Info Sheet Filed**

**Judge Assigned**

DIV 44

**Pet Filed in Circuit Ct**

In the
# CIRCUIT COURT
## of St. Louis County, Missouri

SEAL OF THE CIRCUIT COURT OF ST. LOUIS COUNTY MISSOURI

For File Stamp Only

Sharnice Janay Frazier-Boyd
Plaintiff(s)

06-24-2026
Date

vs.

26SL-CC04582
Case Number

Eversana Life Science Services, LLC
Defendant(s)

44
Division

FILED
JUN 24 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Please see attached documents.

VICTORIA MESHREKY
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES NOVEMBER 25, 2028
ST. LOUIS COUNTY
COMMISSION #24118492

Subscribed and sworn to before me this 24th day of June, 2026
in the County of St. Louis, State of Missouri
Victoria Meshreky
Notary Public

x Sharnice Janay Frazier-Boyd
Sharnice Janay Frazier-Boyd (Pro Se)

Attorney — Bar No.

9712 Duluth Dr. St Louis MO 63137
Address

314-479-5971
Phone No. — Fax No.

**SO ORDERED**

Judge

**ENTERED:** ____________________
(Date)

Attorney — Bar No.

Address

Phone No. — Fax No.

**STATE OF MISSOURI**
**ST LOUIS COUNTY CIRCUIT COURT**
**21ST JUDICIAL COURT OF MISSOURI**

FILED
JUN 24 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| | | |
|---|---|---|
| **SHARNICE JANAY FRAZIER-BOYD**<br>**PRO SE**<br><br>**Plaintiff,**<br><br>**V.**<br><br>**EVERSANA LIFE SCIENCE SERVICES, LLC**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO.** 26SL-CC04582<br>DIV 44<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

## I.

## INTRODUCTION

Plaintiff was wrongfully terminated by Defendants Eversana Life Science Services, LLC just days before her return from medical leave for reasons that are utterly pretextual and a tactic to suppress the discrimination and retaliation against the Plaintiff.

## II.

## PARTIES

Plaintiff, Sharnice Janay Frazier-Boyd is an African-American female that resides in Saint Louis, MO. Plaintiff also has a history of Depression and Anxiety disorder, a disability recognized under the Missouri Human Rights Act (MHRA) and Americans with Disabilities Act(ADA).

The Defendant Eversana Life Science Services, LLC ) previously known as Dohmen Life Science Services and owned by LSCHS Holdings, Inc) is a leading global provider of services to the life sciences industry, offering an integrated platform of solutions that span across the entire pharmaceutical product lifecycle. Eversana Life Science Services, LLC primary headquarters is located at 205 N. Michigan Ave Suite 3200 Chicago, IL 60601 and can be served at their principal location 7045 College Blvd Suite 300 Overland Park, KS 66211.

**III**

**JURISDICTION AND VENUE**

The 21st Judicial Court of Missouri has jurisdiction pursuant to MO Const art V § 14 (a)the employment location is 17877 Chesterfield Airport Rd Chesterfield, MO 63005. The Circuit courts shall have original jurisdiction over all cases and matters, civil and criminal. Such courts may issue and determine original remedial writs and shall sit at times and places within the circuit as determined by the circuit court. The claims in this complaint involve questions pertaining to federal and state law, including Title VII of the Civil Rights Act, 42 U.S. Code § 2000e. (a)(b), and RSMO§213.

Plaintiff has filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission(EEOC) that is dually filled with Missouri Department of Human Rights(MCHR). As of March 27, 2026 plaintiff has received a Notice of Right to Sue that authorizes her to proceed with action against the Defendant. (Exhibit 1)

Pursuant to RSMo § 508.010, this venue is acceptable for all causes and actions stated herein lies in the State of Missouri because the acts and omissions of the Defendant on which the Plaintiff's claims are based have taken place within the boundaries of this district.

## IV.

## BACKGROUND FACTS

(1) Plaintiff was hired November 20, 2023 as a HUB Case Manager under leadership of Amy Brenner of San Diego, California.

(2) Shortly, after being hired and beginning training, the plaintiff position was changed to Patient Access Advocate for company formalities.

(3) On January 4, 2024 plaintiff inquired about the program's mandatory overtime and working in the capacity of a Patient Service Coordinator.

(4) In March of 2024; a team meeting discussed the trajectory of the program and the transitioning of the new phase of Patient Access Advocates assuming their own pod. The role would then be expected to oversee the pods and ensure enrollments were being processed appropriately, insurance verified, welcome calls completed, and social determinants of health questionnaires were accessed, and patients were receiving their medication timely.

(5) March 14, 2024 was pie day at my former employer's office. My co-worker Tyler Smith ( a caucasian woman) missed work; we had several pies left. Our receptionist Melanie said anyone can take one. My co-worker said in the chat that she would love a pie. I obtained a pie that was unopened and put it on her desk as a friendly gesture. Her response when she returned on March 15, 2024 her response, "are you trying to kill me; I didn't know you were this nice".

(6) In April 2024; Due to being short-staffed we converted over to a call center three days a week. Doing this time our Supervisor Ronald Logan provided me with additional tasks to assist the program such as completing List B, Payer List, Secured Messaging, and List 4.

(7) May 2024; I was taking calls daily all-day. My calls were coming in so rapidly there was no pause after completing calls. I advised leadership that I was getting an influx of calls more than any of my co-workers were receiving. My co-workers were receiving calls allowing a wrap-up time to complete calls. My calls were so consistent that as soon as I disconnected another call was coming through.

(a) Tyler Smith, a caucasian female with the same position as me was receiving special projects that removed her from the phones.

(b) Melissa Diaz, a hispanic female with the same position as me was also receiving special projects that removed her from the phones.

(c) The work environment had become very stressful, over-worked, and toxic. I put a shift bid to work 10:30pm-7pm so I can work from home permanently.

(8) June 2024; I had several conversations with Human Resource Management in regards to the program. I was advised that after six months I could apply for a transfer as long as I had no corrective actions.

(a) Began working from home permanently on my new shift bid

(b) Melissa assumed her position on June 3, 2024; she became harassing, retaliative, discriminative, and very unapproachable in her new role as Patient Access Manager.

(c) I met with Illana Wolfheimer, (Human Resource Partner) letting her know I was becoming more uncomfortable working underneath Melissa Diaz due to her retaliating mechanisms, her disregard of confidential information in the workplace, management approach, discriminatory acts, and her harassing antics.

(d) In June 2024; I was provided a positive performance evaluation and commendations for my work completed as Patient Access Advocate with my last meeting with my leadership team at the time Amy Brenner and Marshall Kemp.

(e) I applied for a new role at the company called CAR-T Patient Support Navigator. The position paid up to $90,000. I interviewed with Taylor Meynard. She advised me that I would be notified by the manager of the program. She then told me that I needed to notify my manager Melissa Diaz at the time that I am seeking new opportunities within the organization.

(f) At that time I had spoken with Marshall Kemp, our VP of Patient Services about transferring mid-July when he was in the office. He noted he was over that program as well and was unable to allow me to transfer due to a Performance Improvement Plan. Which, I did not receive until July 18, 2024.

(g) The allegations listed were communication skills, attendance, and performance.

(9) July 2024; I was hospitalized due to an on-going complication from a procedure; I had June 24, 2024. I made Illana aware of my current health condition and the strain that was on my body with my health and the job. Illana advised that I would need to look into resources with employment assistance. I provided Human Resources with my doctor's notes for all appointments and hospitalizations.

(a) Melissa Diaz, went back and pulled recorded calls dating back to April 2024 to use towards the PIP she assigned to me. Calls that I had already signed for with my former Supervisor Amy Brenner. However, Melissa Diaz did not do this with any of my other caucasian counterparts.

(b) After reviewing the PIP; I provided a rebuttal before leaving on medical leave that was already in the works due to my medical condition(s) on July 30,2024.

(10) August 2024; Tyler Smith was promoted to Senior Patient Access Advocate. She began to stalk my socials repeatedly. I had to change my name on social media, blocked her, and notified HR in regards to her cyberstalking.

(11) During leave I was made aware from colleagues that Ms. Diaz had referred to me as a "b word" and noted that I extended my leave and also,discussed with coworkers my reasoning for being off work and previous health issues she was made aware of during her short period of being my manager.

(12) On December 20, 2024 I received an email that Melissa Diaz, My Supervisor at the time, submitted a ticket to IT in my name asking IT to deactivate employee access and provide the program leadership access. On that same day Nicole Bartlet from IT asked Melissa Diaz if she was able to get approval from HR and legal regarding delegate access and what she was attempting went against company policy.

(13) Also, my end of year performance review was falsified by Melissa Diaz reflecting, I was doing poorly on my performance. However, I was out on leave during this period of time. She also subsequently did this action just one day before my initial return date of January 15,2025.

(14) During my time out Illana Wolfheimer and I had been in contact with updates on my well-being and when I would return to work. After the December 2024 issue I still had been in contact with Illana.

(a) However, I responded at the end of January and Beginning of February dating to February 10th and February 13th on my return and potential reasonable accommodations needed.

(b) Illana usually is swift with responding to emails. During this time she did not respond until February 14, 2024 noting that she needed to discuss a few items with me before monday which was my expected return date February 17, 2024.

(c) On February 14, 2024 Illana called me and told me I was terminated due to a HIPAA breach of PHI information.

(d) On February 16, 2024 I received an email from Illana on a Sunday reflecting I was terminated due to performance and attendance. Also, that my short term disability closed on 01/29/2025 and my long-term disability claim was denied by Lincoln Financial.

(e) On, Friday February 21, 2025 at 8pm I received a package from FEDEX pertaining to a requested signature for a Attestation related to Privacy Incident

#34821. Fed Ex Tracking 7722-0105-6356. Which was received a week after my termination.

(f) On March 24, 2025 I received a reason for termination that noted, "terminated due to not following standard operating procedures and a breach of HIPAA". You were on a leave of absence that was no job-protected from January 29th through your termination.

(g) On March 27, 2026; The US Equal Employment Opportunity Commission issued a Determination and Notice of Rights to Sue within 90 days of receipt of EEOC official notice of dismissal. Dating to June 25, 2026.

## V.

## REQUEST FOR RELIEF & DEMAND FOR JURY TRIAL

Plaintiff, Sharnice Janay Frazier-Boyd, Pro Se comes seeking relief for all damages the court deems appropriate to claims. I also hereby demand a trial by a jury as all issues are so triable.

Respectfully,

Sharnice Janay Frazier-Boyd

Pro Se Litigant

Date: 06/24/2026

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

SEAL OF THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

For File Stamp Only

Shamice Janay Frazier-Boyd
Plaintiff(s)

06-24-2026
Date

vs.

26SL-CC04582
Case Number

Eversana Life Science Services LLC
Defendant(s)

44
Division Day

FILED
JUN 24 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## Service Instructions

Defendant Name: Eversana Life Science Services, LLC
Address: 7045 College Blvd Suite 300
City, State, Zip Code: Overland Park, KS 66211

Defendant Name: ______________________
Address: ______________________
City, State, Zip Code: ______________________

Defendant Name: ______________________
Address: ______________________
City, State, Zip Code: ______________________

Shamice Janay Frazier-Boyd — Shamice Frazier-Boyd
Filer's Name — Filer's Signature

9712 Duluth Drive
Address

St. Louis, MO 63137
City, State, Zip Code

(314) 4795971
Phone Number

IN THE 21ST JUDICIAL CIRCUIT, ST LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Name: Shamice Janay Frazier Boyd | Case Number: 26SL-CC04532 |
| Address: 9712 Duluth Dr. St. Louis, MO 63137 | Case Type: TJ |
| | Style of Case: Employment Law |
| Document Filed: Compliant | FILED JUN 24 2026 JOAN M. GILMER CIRCUIT CLERK, ST. LOUIS COUNTY (Date File Stamp) |

## Redaction Certification

The filer certifies that all documents in this submission for filing with the court comply with all redaction **requirements of Rules 19.10, 55.025, or 84.015.**

**COR 2.02**

The responsibility for redacting confidential information rests solely with the counsel, parties, or any other person filing the document. Courts will not review each case document to ensure compliance and will not refuse to accept or file a document on that basis.

On and after the Expanded Remote Access Implementation Date: July 1, 2023

1. All redactions shall be done in a manner that makes it clear that information has been redacted. If necessary to reference the redacted information in a redacted document, filers shall use generic descriptors.

2. When a filer redacts information from a document offered for filing in any court, the filer also must file a confidential redacted information filing sheet that either:

   - has the unredacted version of the document attached; or
   - sets out the information redacted from the document with an explanation referencing where the information was redacted from in the document or the generic descriptors used in the document to reference the redacted information.

3. All filers shall affirmatively certify compliance with the redaction requirements in Rules 19.10, 55.025, and 84.015 when a document is filed. This certification shall be accomplished through an automated process implemented in the electronic filing system for its authorized users or, for filers who are not authorized users of the electronic filing system, by a paper form attached to the document or on the document itself.

4. When a motion is filed alleging a document filed with the court contains insufficiently redacted confidential information, the clerk shall raise the document's security level to a confidential setting. The court shall dispose of the motion within 30 days. If the court determines the document is sufficiently redacted, the clerk shall reset the document's security level to allow for proper public access.

**I HAVE READ AND UNDERSTAND THE ABOVE.**

____________________ Date

____________________ Filer's Signature

26SL-CC04582

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

St. Louis District Office
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

FILED
JUN 24 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Issued On: 03/27/2026

**To:** Sharnice J. Frazier-Boyd
9712 Duluth Drive
Saint Louis, MO 63137
Charge No: 560-2025-00775

EEOC Representative and email: CÀEL YINGLING
EQUAL OPPORTUNITY INVESTIGATOR
CAEL.YINGLING@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 560-2025-00775.

On behalf of the Commission,

Digitally Signed By:David Davis
03/27/2026

David Davis
District Director

**Cc:**
Hollie Reiminger
7045 College Blvd Ste 300
Overland Park, KS 66211

Please retain this Notice for your records.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 560-2025-00775 |
| Missouri Commission On Human Rights | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Sharnice J. Frazier-Boyd

Phone No.: 314-479-5971
Year of Birth: 1991
Mailing Address: 9712 Duluth Drive
SAINT LOUIS, MO 63137

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: EVERSANA LIFE SCIENCE SERVICES, LLC
No. Employees, Members: 501+ Employees
Phone No.:
Mailing Address: 17877 CHESTERFIELD AIRPORT RD CHESTERFIELD, MISSOURI
CHESTERFIELD, MO 63005, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Disability, Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 01/14/2024
Latest: 02/14/2025

THE PARTICULARS ARE:

I was employed by the above-named employer from November 20, 2023, until my discharge on February 14, 2025. My position was Patient Access Advocate (Case Manager). My supervisor was Melissa Diaz, Patient Access Advocate Manager. Her supervisor was Amy Brenner, and Marshall Kemp, Vice President of Patient Services.

I am an African American individual with a qualified disability as defined by the Americans with Disabilities Act of 1990, as amended, and my employer is aware of my condition. Ms. Diaz became my supervisor in June 2024. In or around June 2024, I applied for the position of CART Navigator and was subsequently interviewed for this role. After the interview, I was informed by Marshall Kemp that he inaccurately conveyed to the hiring manager that I was on a Performance Improvement Plan (PIP) to hinder my chances of securing the position. In contrast, in February 2024, an individual outside of my protected race class, Brianna Pinto , was promoted to a position while she was actually on a PIP. Additionally, I observed that Melissa assigned special projects and more favorable assignments to my peers, who are also outside of my protected race class, while I was assigned to handle inbound calls at a significantly higher volume. Prior to my medical leave, I consistently received positive performance evaluations and commendations for my work. As an accommodation for my disability, I commenced medical leave on July 30, 2024, and was expected to return in February 2025. During my leave, I began to be subjected to retaliation for my accommodation. I learned from colleagues that Ms. Diaz had referred to me derogatorily as "a bitch" and had made comments such as, "That stupid bitch is extending her leave." Furthermore, I discovered that I received a negative

performance review dated January 14, 2025, despite being on medical leave at the time. The review erroneously indicated that I had acknowledged its contents. Additionally, I found evidence that Ms. Diaz had falsified work documentation bearing my signature while I was absent. Subsequently, I was discharged 30 days later under a pretextual allegation that I had transmitted Protected Health Information (PHI) via email. Despite, the termination letter on February 16, 2025, alleging termination for attendance and performance.

I believe I have been discriminated against and retaliated against for participating in the accommodation process, in violation of the Americans with Disabilities Act of 1990, as amended.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
21st JUDICIAL CIRCUIT

FILED
AUG 3 1 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| | | |
|---|---|---|
| SHARNICE FRAZIER-BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 26SL-CC04582 |
| v. | ) | |
| | ) | Division No. 44 |
| EVERSANA LIFE SCIENCE SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, *pro se*, has filed a handwritten Employment Discrimination Petition - §213.111 RSMo. in the circuit court. In conjunction therewith, she has filed an *Affidavit in Support of Request to Proceed as a Poor Person*.

The Court has reviewed Plaintiff's *Affidavit in Support*, taken judicial notice of its files, and is fully advised in the premises. Fully advised herein, the Court finds and concludes that Plaintiff has failed to establish that she is a *poor person*.

THEREFORE, IT IS THE ORDER OF THE COURT that Plaintiff's request to proceed as a *poor person* is **DENIED**. The Circuit Clerk shall accept the Employment Discrimination Petition - §213.111 RSMo. previously filed but shall take no further action on this matter until the full filing fee and any service of process is paid. Plaintiff has twenty (20) days to pay the required fees; failure to do so will result in this case being dismissed without prejudice.

**SO ORDERED:** [signature] Div. 13 **DATE:** 8/31/26

Hon. Bruce Hilton, Division 13
Presiding Judge, 21st Judicial Circuit

cc: Sharnice Frazier-Boyd
9712 Duluth Drive
St. Louis, Missouri 63137

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>CHASTIDY DILLON-AMELUNG | **Case Number: 26SL-CC04582** | |
| Plaintiff/Petitioner:<br>SHARNICE JANAY FRAZIER - BOYD<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>SHARNICE JANAY FRAZIER - BOYD<br>9712 DULUTH DR<br>ST LOUIS, MO 63137 | |
| Defendant/Respondent:<br>EVERSANA LIFE SCIENCE SERVICES, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to:** **EVERSANA LIFE SCIENCE SERVICES, LLC**
**Alias:**
**7045 COLLEGE BLVD**
**SUITE 300**
**OVERLAND PARK, KS 66211-1523**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

11-SEP-2026
Date

/s/ Shanika Simmons
Clerk

**Further Information:**
SS

 Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ________________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

____________________________________ (name) ________________________ (title).

☐ other: ________________________________________________________________.

Served at ____________________________________________________________ (address)

in ___________________________ (County/City of St. Louis), MO, on ________________ (date)

at ____________ (time).

____________________________________ ____________________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ________________________ (date).

*(Seal)*

My commission expires: ________________ ________________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**<u>(4) Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**<u>(5) Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**<u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.